UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Odell Thompson, Jr.,

Plaintiff,

v.

City of Minneapolis, et al.,

Defendant.

Civil No. 02-8 JMR/FLN

**MEMORANDUM & ORDER**

---

Kimberly Ferrier, Esq., appeared on behalf of Odell Thompson.
Richard S. Reeves, Assistant City Attorney, appeared in behalf of Officer Collier.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 3, 2002, on: 1) Motion to intervene by the Minn. Dept. of Human Services [#19][1]; and 2) Plaintiff's motion to amend the complaint [#22]. For the reasons indicated below, this Court concludes the: 1) Motion to intervene by the Minn. Dept. of Human Services [#19] is denied as moot; and 2) Plaintiff's motion to amend the complaint [#22] is granted.

## I. INTRODUCTION

Plaintiff, Odell Thompson brings this action alleging excessive force by off-duty police officer, Defendant Marshall Collier. On or about December 31, 2001, at the Secure Waiting Shelter, 1000 Currie Avenue North, Minneapolis, Minnesota, Mr. Thompson claims Officer Collier acted deliberately in disregarding his Constitutional rights and personal safety, causing him a broken leg

---

[1]This motion was rendered moot by the stipulation filed by the parties on August 30, 2002.



FILED SEP 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

as the officer led him out of the shelter. Specifically, Plaintiff alleges he was shoved into the exit door and thrown onto the sidewalk by Officer Collier. Next, Plaintiff claims Officer Collier deliberately disregarded his official duty to lend assistance following the initial removal from the shelter when Mr. Thompson informed the officer he needed an ambulance for his injuries, but was again sent away from the shelter.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend the Complaint to Assert Punitive Damages

In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the laws of the State of Minnesota, must generally conform to the requisites of Minn. Stat. §§ 549.191 and 549.20. See Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994); Olson v. Snap Prod., Inc., 29 F. Supp.2d 1027, 1034 (D. Minn. 1998). Under Minn. Stat. § 549.191, plaintiffs seeking to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a prima facie showing of entitlement. See Olson, 29 F. Supp.2d at 1034. "The plaintiff is not required to demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." Hammond v. Northland Counseling Center, Inc., No. CIV.5-96-353, 1998 WL315333 at *7 (D. Minn. Feb. 27, 1998).

If the Court finds "prima facie evidence in support of the motion, the [C]ourt shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. Prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor. See Olson, 29 F. Supp.2d at 1034 (citations omitted). Minn. Stat. § 549.20 (1)(a) provides that "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." The term

"deliberate disregard" is comprehensively defined in the statute, as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> > (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (1)(b). "Where the evidence is sufficient to permit the jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others, the 'clear and convincing' standard is satisfied." Olson, 29 F. Supp.2d at 1035-36. The Court must independently ascertain whether there exists prima facie evidence that the defendant acted with a deliberate disregard of the rights or safety of others. In considering the Motion to Amend, the facts are recounted from a fair reading of Plaintiff's version of the evidence.

In light of the evidence presented in the light most favorable to the Plaintiff, this Court concludes the Plaintiff's motion to amend the complaint to add a claim for punitive damages against Marshall Collier must be granted. Plaintiff has submitted prima facie evidence that his right to be free from the use of excessive force by the police was deliberately disregarded when, according to the Plaintiff, he was forcefully ejected from the shelter.[2]

**III. ORDER**

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Motion to Intervene by the Minn. Dept. Of Human Services [#19] is **DENIED as**

---

[2]The Court observes that there is a material dispute of fact regarding whether Plaintiff was so ejected. The Court expresses no opinion on this disputed issue of fact.

**MOOT**.

2. Plaintiff's Motion to Amend the Complaint [#22] is hereby **GRANTED** as specified herein.

DATED: Sept 13, 2002.

FRANKLIN L. NOEL
United States Magistrate Judge